# Exhibit A-2

9/16/2026 3:50 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 120005462
By: Patricia Jones
Filed: 9/16/2026 3:50 PM

CAUSE NO. ________________

| | | |
|---|---|---|
| DAWAN JAMES<br>Plaintiff | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| BOSTON SCIENTIFIC CORPORATION<br>Defendant | § | |
| | § | ______ JUDICIAL DISTRICT |

**PLAINTIFF'S ORIGINAL PETITION**

Plaintiff Dawan James ("Plaintiff") files this Plaintiff's Original Petition complaining of Boston Scientific Corporation ("Defendant"), and respectfully shows as follows.

**I.**

**DISCOVERY PLAN LEVEL 3**

1. Plaintiff requests that this lawsuit be governed by Discovery Plan Level 3 pursuant to Rule 190.4 of the Texas Rules of Civil Procedure.

**II.**

**PARTIES**

2. Plaintiff is a United States Citizen and individual resident of Brownstown Township, Wayne County, Michigan. The last three numbers of Plaintiff's driver's license number are 643 (Michigan). The last three numbers of Plaintiff's social security number are 197.

3. Defendant, Boston Scientific Corporation ("BSC") is a medical device company with its incorporation in Delaware, its principal place of business in Massachusetts. It is doing business in Texas and can be served through its registered agent at CORPORATION SERVICE COMPANY D B A +, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

## III.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this case and the damages sought are within the jurisdictional limits of this Court. Venue is proper in Harris County, Texas, because all or a substantial part of the events giving rise to the cause of action occurred here.

## IV.

## FACTUAL BACKGROUND

5. BSC manufactures and sells SpaceOAR and SpaceOAR Vue as absorbable hydrogel perirectal spacers that are used to create space between the prostate gland and rectum when a patient undergoes radiation therapy on the prostate gland.

6. BSC markets its hydrogel spacers to physicians to increase space between the rectum and prostate during radiation therapy to reduce the radiation dose delivered to the rectum and lessen damage to the rectum.

7. BSC promotes its hydrogel spacers as follows: "more space can mean better quality of life" with "fewer long-term side effects."

8. SpaceOAR, the original hydrogel system (and predicate device to the SpaceOAR Vue), obtained FDA regulatory approval in 2015.

9. After BSC acquired Augmenix (the company that originally designed the SpaceOAR and its subsequent device, SpaceOAR Vue), in 2018, Defendant BSC owned, manufactured, packaged, labeled, marketed, sold and distributed SpaceOAR Vue for use in patients.

10. Plaintiff Dawan James was diagnosed with prostate cancer in 2024. He sought treatment at Houston Metro Urology, PA and came under the care of Dr. Thanh Van, M.D.

11. In February and March 2024, Plaintiff followed up with Dr. Van to discuss treatment

options for his prostate cancer.

12. In 2024, Plaintiff spent time between Houston, Texas, where he had a "home base," and Michigan.

13. On March 18, 2024, Dr. Van documented that he discussed treatment options again with Mr. James, and he elected to proceed with hypofractionated radiotherapy.

14. Dr. Van documented a discussion with Plaintiff about placement of a SpaceOAR Vue hydrogel rectal spacer as part of his treatment plan.

15. Plaintiff underwent placement of the SpaceOAR Vue device as part of his radiation treatment plan.

16. Placement of the SpaceOAR Vue device infiltrated Plaintiff's rectal wall, leading to pre-radiation treatment injury to the rectum.

17. Subsequent radiation, combined with infiltration of the SpaceOAR Vue device into Plaintiff's rectum, resulted in a rectal fistula that continues to cause Plaintiff significant pain, discomfort, and medical care to this day.

## V.

## CAUSE OF ACTION: DESIGN DEFECT

18. There was a design defect in the SpaceOAR Vue at the time it left Defendant's possession. More specifically, the SpaceOAR Vue is not sufficiently viscous and must be administered in whole, rather than in part, increasing the risk of rectal wall infiltration and harm to patients.

19. The design defect rendered the SpaceOAR Vue unreasonably dangerous as designed, taking into consideration the utility of the product and the risk involved.

20. There was a safer alternative design that in reasonable probability would have

prevented or significantly reduced the risk of the injury without substantially impairing the product's utility. The alternative design was economically and technologically feasible at the time the product left Defendant's control.

21. The SpaceOAR Vue's design defect was a producing cause of Plaintiff's injuries.

22. There was a manufacturing defect in the SpaceOAR Vue at the time it left Defendant's possession. The SpaceOAR Vue deviated in its construction or quality from its specifications in a manner that rendered it unreasonably dangerous.

23. The manufacturing defect rendered the SpaceOAR Vue dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, and with the ordinary knowledge common to the community as to the product's characteristics. The SpaceOAR Vue's manufacturing defect was a producing cause of Plaintiff's injuries.

## VI.

## CAUSE OF ACTION: MARKETING DEFECT

24. The SpaceOAR Vue had a marketing defect at the time it left Defendant's possession.

25. Defendant knew or reasonably should have known of the product's dangers, but failed to give adequate instructions to avoid such dangers. This lack of warning and instructions rendered the product unreasonably dangerous.

26. The marketing defect rendered the SpaceOAR Vue dangerous to an extent beyond that which would be contemplated by the ordinary user of the product, with the ordinary knowledge common to the community as to the product's characteristics.

27. The SpaceOAR Vue's marketing defect was a producing cause of Plaintiff's injuries.

## VII.

## CAUSE OF ACTION: NEGLIGENCE

28. Defendant was negligent in the design, manufacture and marketing of the SpaceOAR Vue.

29. Defendant's negligence was a proximate cause of the injuries to the Plaintiff.

## XIII.

## DAMAGES

30. As a result of his bodily injuries, which were proximately caused by Defendant's defective and unreasonably dangerous product and negligence, Plaintiff is entitled to reasonable and proper compensation for the following legal damages:

a. past and future medical expenses;

b. past and future physical pain and mental anguish;

c. past and future physical impairment;

d. past and future disfigurement; and

e. past lost wages and future lost wage-earning capacity.

31. Plaintiff seeks actual damages and punitive damages in an amount within the jurisdictional limits of this Court. More specifically, Plaintiff seeks monetary relief of over $1,000,000.

## IX.

## RULE 193.7 NOTICE

32. Pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff gives notice that documents produced by any party to this case may be used at any pretrial proceeding or at the

trial of this matter.

## X.

## JURY DEMAND

33. Pursuant to Texas Rule of Civil Procedure 216, Plaintiff requests a trial by jury and paid the appropriate fee contemporaneously with the filing of this Petition.

## XI.

## PRAYER

Plaintiff prays that he have judgment against Defendant for actual and punitive damages shown and proved at trial, for prejudgment and post-judgment interest, for costs of court, and for all other relief, legal and equitable, to which Plaintiff is entitled.

THE LANIER LAW FIRM, P.C.

Respectfully submitted,

W. Mark Lanier
TX Bar No. 11934600
Sam. E. Taylor, II
TX Bar No. 19722500
THE LANIER LAW FIRM, P.C.
10940 W. Sam Houston Pkwy N, Suite 100
Houston, TX 77064
Tel: 713-659-5200
Fax: 713-659-2204

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Cris Garcia on behalf of Sam Taylor
Bar No. 19722500
Cris.garcia@lanierlawfirm.com
Envelope ID: 120005462
Filing Code Description: Petition
Filing Description: PLAINTIFF’S ORIGINAL PETITION
Status as of 9/16/2026 4:28 PM CST

Case Contacts

| **Name** | **BarNumber** | **Email** | **TimestampSubmitted** | **Status** |
| --- | --- | --- | --- | --- |
| Sam Taylor | 19722500 | sam.taylor@lanierlawfirm.com | 9/16/2026 3:50:42 PM | SENT |
| Cris Garcia | | Cris.garcia@lanierlawfirm.com | 9/16/2026 3:50:42 PM | SENT |